MARTIN MACK v. ALBERT ACKERLINE.

Although a prior judgment may not be a technical bar to a subse-quent action, yet a fact in issue between the parties and nec-essarily involved in the former judgment is *res adjudicata* in a collateral suit between the same parties.

*Per Curiam.*

Error to Special Term.

The findings of fact entered by the court below cover grounds of affirmative relief sought in this suit, but which were litigated as defenses in a prior action between the par-ties in forcible entry and detainer, brought before a magis-trate, with a resulting judgment adverse to the plaintiff in error here—which judgment was in due course affirmed by the Common Pleas and by the Circuit Court (see 50 O. L. B., No. 14, p. 133).

Granting that under R. S., Section 6610, said former judgment is not a bar to the bringing of this suit, yet we re-gard it as none the less true that a fact in issue in a court of competent jurisdiction and duly determined, is *res ad-judicata* in collateral suits between the same parties.

Where the record of a case shows that a question must necessarily have been determined before the judgment which was rendered, it is conclusive in all subsequent liti-gation upon the fact that the question has been litigated and decided, and the party may invoke that decision upon the

principle of *res adjudicata.  Hickson* v. *Ogg,* 53 O. St., 361 ; *Kuneke* v. *Mafel,* 60 O. St., 1 (7).

Strictly speaking, the court below should, perhaps, have excluded evidence of the facts so adjudicated, but if this be error it can not prejudice the plaintiff in error here. The proper forum for relief was the court of common pleas during the pendency of the former action.

To hold otherwise would compel this court to sit in review upon the action of the magistrate, the common pleas and the circuit court, which is manifestly improper. *Brenner* v. *Cist,* 6 N. P., 1 ; *Petsch* v. *Mowry,* 13 O. D., 401.

A court can not do by indirection what it is not authorized to do directly.

Judgment affirmed.

*Closs & Luebbert,* for plaintiff in error.
*Norwood J. Utter,* for defendant in error.